**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTUR GEVORGIAN, | No. 07-71974 |
| Petitioner, | Agency No. A075-635-139 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010[**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Artur Gevorgian petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision

denying his motion to reopen based on ineffective assistance of counsel. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

JTK/Research

jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, review findings of fact regarding counsel's performance for substantial evidence, and review de novo claims of due process violations. *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004). We deny in part and grant in part the petition for review and remand for further proceedings.

The agency properly concluded that Gevorgian's former counsel's advice to Gevorgian to withdraw his application for asylum and to accept voluntary departure constituted a tactical decision. *See Magallanes-Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986).

However, the agency abused its discretion in denying Gevorgian's motion to reopen. Former counsel's failure to file Gevorgian's first motion to reopen with the IJ before Gevorgian's voluntary departure period expired rendered the proceedings "so fundamentally unfair that [Gevorgian] was prevented from reasonably presenting his case." *Lin*, 377 F.3d at 1026-27 (citation omitted). We remand for the BIA to determine in the first instance whether counsel's actions prejudiced Gevorgian's case. *See Mohammed v. Gonzales*, 400 F.3d 785, 793-94 (9th Cir. 2005) (to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate prejudice); *see generally INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**